UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CRYSTAL M. SMITH, )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW SAUL, )<br>Commissioner of Social Security, )<br>)<br>       Defendant. ) | Cause No. 1:19-CV-371-HAB |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Crystal M. Smith's ("Smith") Opening Brief (ECF No. 18), filed on March 13, 2020. Defendant Andrew Saul, Commissioner of Social Security (the "Commissioner"), filed his Memorandum in Support of Commissioner's Decision (ECF No. 19) on April 22, 2020. Smith filed no reply. This matter is now ripe for review.

**A.  Procedural History**

Smith filed her application for disability insurance benefits on September 11, 2016. That application was denied initially and on reconsideration. In the meantime, Smith filed an application for supplemental security income benefits on March 14, 2018.

A hearing on both applications was held before an administrative law judge (the "ALJ") on April 3, 2018. Following that hearing, the ALJ issued a decision on both applications on July 24, 2018 (R. 15–28) (the "Decision"), concluding that Smith was not disabled. Smith filed her Request for Review of Hearing Decision/Order with the Appeals Council on September 29, 2018, which was denied on July 17, 2019. Smith then initiated this action for judicial review.

**B.     Legal Analysis**

**1.     *Standard of Review***

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v.*

*Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that she "considered the important evidence" and to enable the court "to trace the path of [his] reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.**   *The ALJ's Decision*

A person suffering from a disability that renders her unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, she may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether she has the residual functional capacity to perform her past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ concluded that, although Smith had engaged in substantial gainful activity ("SGA") since the alleged date of disability onset, she had not engaged in SGA since November 2016. At step two, the ALJ found that Smith suffered from the following severe impairments: major depressive disorder, generalized anxiety disorder, adjustment disorder with mixed anxiety and depressed mood, and panic disorder/panic attacks. The ALJ also found that Smith suffered from the following non-severe impairments: obesity, hiatal hernia, irritable bowel syndrome, headaches, liver disorders, kidney problems, dyslipidemia, gallstones, vitamin D and magnesium deficiencies, sore throat/ear pain, dental pain, ectopic pregnancy, pelvic inflammatory disease, and urinary tract infection.

At step three, the ALJ found that Smith did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. 21). The ALJ considered listings 12.04 and 12.06. At step four, Smith was determined to have the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, routine tasks not requiring production-rate pace; more than occasional interactions with supervisors and co-workers, or more than superficial interactions with the general public.

(R. 22–23). The ALJ determined that Smith did not have the ability to perform any past relevant work but concluded that there were jobs that exist in significant numbers in the national economy that Smith could perform. As a result, the ALJ determined that Smith was not disabled.

**3.**   *The RFC*

Smith's only objection to the Decision is her claim that the ALJ failed "to include qualitative interaction limitations in relation to co-workers and supervisors" in the RFC. (ECF No. 18 at 10). In support, Smith relies on the opinion of her treating physician, Dr. Christopher Frazier,

who opined that she had marked to extreme limitations with respect to social interactions. For the reasons set forth below, the Court must disagree with Smith's argument.

The RFC is "the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis," meaning eight hours a day, for five days a week. SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996) (second emphasis omitted). That is, the "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." *Id*. at *1; see also *Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

> The [RFC] assessment is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence, such as observations of lay witnesses of an individual's apparent symptomology, an individual's own statement of what he or she is able or unable to do, and many other factors that could help the adjudicator determine the most reasonable findings in light of all the evidence.

SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996); *see* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Therefore, when determining the RFC, the ALJ must consider all medically determinable impairments, mental and physical, even those that are non-severe. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); *see also Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008). However, "in assessing RFC, the adjudicator must consider only limitations and restrictions attributable to medically determinable impairments." SSR 96-8P, 1996 WL 374184, at *2.

"[T]he expression of a claimant's RFC need not be articulated function-by-function; a narrative discussion of a claimant's symptoms and medical source opinions is sufficient." *Knox v. Astrue*, 327 F. App'x 652, 657 (7th Cir. 2009) (citations omitted) (finding that the ALJ "satisfied the [RFC] discussion requirements by analyzing the objective medical evidence, [the claimant's] testimony (and credibility), and other evidence"). "The ALJ need not provide a written evaluation of every piece of evidence, but need only 'minimally articulate' his reasoning so as to connect the

5

evidence to his conclusions." *Id*. at 657-58 (citing *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004)); *see also Catchings v. Astrue*, 769 F. Supp. 2d 1137, 1146 (N.D. Ill. 2011).

Here, the ALJ at least "minimally articulated" his reasoning, connecting the evidence in the record to his conclusion. As noted, Smith relies entirely on the opinion of Dr. Frazier in support of her claim for additional non-exertional limitations. However, the ALJ gave Dr. Frazier's opinion "little weight," a determination not challenged by Smith. (R. 26). The ALJ noted that the RFC was consistent with Smith's mental status examination findings and her activities of daily living. (R. 25). Finally, the ALJ accurately reported that no evidence in the record established that Smith could not get along with co-workers and supervisors, only that she "would have trouble" doing so. (*Id.*). While Smith "may disagree with the ALJ's decision not to include a specific limitation . . . [t]hat does not mean, however, that the ALJ failed to account for [Smith's] limitations, nor does it mean her RFC determination is unsupported by substantial evidence." *Stephens v. Colvin*, 1:15-cv-43-JVB, 2016 WL 5389292, at *5 (N.D. Ind. Sept. 27, 2016).

In support of her argument, Smith primarily relies on *Hurley v. Berryhill*, where the Court remanded a decision in which the claimant's RFC limited her to occasional contact with others, instead of superficial contact with others. No. 1:17-CV-421-TLS, 2018 WL 4214523, at *3 (N.D. Ind. Sept. 5, 2018). In that case, though, the ALJ gave great weight to two psychologists who specifically opined that the claimant could only superficially relate to coworkers and supervisors. *Id*. at *3-4. While the Court did distinguish the difference between superficial and occasional contact, the reason for the remand was because the ALJ "failed to build a logical bridge between the evidence and his conclusions." *Id.* at *4 ("There is no explanation as to why the ALJ accepted the limitation of 'occasional interactions' but not 'superficial interactions' from the psychologists' opinions.").

In contrast, as already mentioned, the ALJ never assigned Dr. Frazier's opinion great weight. Further, nothing in the medical records specifically stated that Smith should be limited to superficial contact, instead only opining that she would have difficulty getting along with co-workers. Here the ALJ explained why he gave Dr. Frazier's opinion little weight, and why he limited Smith to "occasional" contact with supervisors and co-workers. As such, this is not a matter where the ALJ "made no attempt to explain the basis of his decision to limit Smith to occasional interaction rather than superficial interaction." *Gidley v. Colvin*, No. 2:12-CV-374, 2013 WL 6909170, at *12 (N.D. Ind. Dec. 30, 2013). Accordingly, this argument does not warrant a remand.

**C.      Conclusion**

For the foregoing reasons, the Decision (R. 15–28) is AFFIRMED.

SO ORDERED on June 17, 2020.

    s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

7