UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CRYSTAL M. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:19-CV-371-HAB |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff began her quest for social security benefits in September 2016. For fifty-two months, the Commissioner thwarted that quest, denying her application initially, on reconsideration, following a hearing before an ALJ, and at the Appeals Council. Then, when Plaintiff sought judicial review, the Commissioner filed an extensive brief in opposition to Plaintiff's request for remand. This Court accepted the Commissioner's arguments and affirmed the ALJ's decision. Now, "after careful consideration of the case," the Commissioner has changed course. The Commissioner has filed an Unopposed Motion for Relief from Judgment (ECF No. 28) (the "Motion"), asking this Court to vacate its Opinion and Order affirming the ALJ. This, the Commissioner asserts, will allow the parties to remand Plaintiff's case back to the ALJ, beginning the process all over again. Having reviewed the Motion, the Court concludes that the Commissioner has failed to raise any grounds upon which vacatur can be granted. As such, the Motion will be denied.

**A.    Procedural History**

Smith filed her application for disability insurance benefits on September 11, 2016. That application was denied initially and on reconsideration. In the meantime, Smith filed an application

for supplemental security income benefits on March 14, 2018.

A hearing on both applications was held before an administrative law judge (the "ALJ") on April 3, 2018. Following that hearing, the ALJ issued a decision on both applications on July 24, 2018 (R. 15–28) (the "Decision"), concluding that Smith was not disabled. Smith filed her Request for Review of Hearing Decision/Order with the Appeals Council on September 29, 2018, which was denied on July 17, 2019. Smith then initiated this action for judicial review via the filing of a Complaint (ECF No. 1) on August 22, 2019.

The Commissioner filed the Social Security Administrative Record on November 7, 2019. (ECF No. 9). Following three motions extending her briefing deadline (ECF Nos. 12, 14, 16), Plaintiff filed her Opening Brief on March 13, 2020. (ECF No. 18). Boilerplate standard of review language and a cut-and-pasted legal discussion aside (including a paragraph that was cut-and-pasted twice (*Id* at 14, 15–16)), Plaintiff's brief raised a single argument in just over two pages. Citing to a single case, Plaintiff argued that the ALJ "ignored the qualitative component [of Plaintiff's mental impairment] by not limiting intense interaction with co-workers and supervisors." (*Id*. at 17).

The Commissioner responded on April 22, 2020. (ECF No. 19). In its response, the Commissioner devoted ten pages to refuting Plaintiff's brief arguing, in summary, that "the ALJ considered the medical and non-medical evidence to assess an RFC that addresses the particular limitations that were supported by the record." (*Id*. at 12). Plaintiff filed no reply brief.

On June 17, 2020, this Court entered its Opinion and Order (ECF No. 20) (the "Order") affirming the ALJ's decision. The Court concluded that "the ALJ at least 'minimally articulated' his reasoning, connecting the evidence in the record to his conclusion." (*Id*. at 6). The Court entered judgment in favor of the Commissioner the same day. (ECF No. 21).

2

Plaintiff filed her notice of appeal on August 13, 2020. After receiving two more extensions to her briefing deadline, Plaintiff submitted her Appellant's Brief on December 7, 2020. The Commissioner's extended deadline to file its Appellee's Brief is February 26, 2021.

With his appellate deadline looming, the Commissioner filed the Motion. According to the Motion, the Commissioner "anticipated defending" the Order on appeal, but:

> after careful consideration of the case[1], we are concerned that the ALJ appears to have accounted for Ms. Smith's difficulty with social interactions by addressing the intensity of her social interactions with the general public (i.e., only superficial interactions), but failed to account for this same factor as applied to her interactions with supervisors and co-workers, without explaining this distinction. In his decision, the ALJ provided no analysis for finding that Ms. Smith's marked limitations in interacting with others would allow occasional interactions with supervisors and co-workers, with no restrictions on the quality or intensity of those interactions. The Commissioner and Ms. Smith have agreed that this matter should be remanded to the Social Security Administration for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

(ECF No. 28 at 1–2). This is, of course, the exact opposite of the argument the Commissioner presented to the Court only eight months ago. On remand, the Commissioner asserts that:

> the Administrative Law Judge will be instructed to further evaluate Ms. Smith's mental impairments in accordance with the special technique described in 20 C.F.R. §§ 404.1520a and 416.920a; if necessary, obtain evidence from a medical expert related to the nature and severity of Ms. Smith's functional limitations resulting from her mental impairments; further evaluate Ms. Smith's residual functional capacity; if warranted, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Ms. Smith's occupational base; take any further action to complete the administrative record; offer Ms. Smith the opportunity for a hearing; and issue a new decision.

(*Id*. at 2). None of this, with the possible exception of evaluating the RFC, was raised as error by Plaintiff before this Court. Nonetheless, the Commissioner asserts that relief under Fed. R. Civ. P.

---

[1] The logical question that follows is: what kind of consideration did the Commissioner give this case at the administrative level or before this Court? The Court hopes that, in the future, the Commissioner will strive to give cases at these earlier levels the same consideration it does once the case reaches the Seventh Circuit.

3

60(b)(6) is appropriate because "the parties now both agree that the matter should be remanded to the Social Security Administration for further administrative proceedings." (*Id.*).

**B.     Legal Discussion**

The seminal case on vacatur in the context of a settlement agreement is *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994). In *Bonner Mall*, the Supreme Court demonstrated extraordinary skepticism of vacatur as a result of settlement. While the Supreme Court recognized that vacatur may be appropriate where mootness is the result of "happenstance," *see United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950), it found that different policy considerations apply where mootness is caused by the action of the losing party below.

> Where mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice. The denial of vacatur is merely one application of the principle that "[a] suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks."

*Bonner Mall*, 513 U.S. at 25 (quoting *Sanders v. United States*, 373 U.S. 1, 17 (1963)). The Supreme Court stated that public policy considerations, including the value of precedent and the "orderly procedure" for appeals established by Congress, must "be honored when they can." *Bonner Mall*, 513 U.S. at 27.

The Supreme Court further rejected the notion that judicial economy requires vacatur in the event of settlement. While judicial resources may be conserved in most instances of settlement, the Supreme Court found that the use of vacatur "may *deter* settlement at an earlier stage. *Some* litigants, at least, may think it worthwhile to roll the dice rather than settle in the district court, or in the court of appeals, if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur." *Id.* at 28 (original emphasis).

4

Having weighed the considerations, the Supreme Court announced what this Court views as two different standards depending on the procedural posture of the case.

> We hold that mootness by reason of settlement does not justify vacatur of a judgment under review. This is not to say that vacatur can never be granted when mootness is produced in that fashion. As we have described, the determination is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course. It should be clear from our discussion, however, that those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur—which neither diminishes the voluntariness of the abandonment of review nor alters any of the policy considerations we have discussed. Of course even in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b).

*Id.* at 29. Stated differently, where a judgment is "under review," exceptional circumstances must exist for vacatur to be granted. Where, on the other hand, a case is remanded to the district court, the more lenient standards of Fed. R. Civ. P. 60(b) can be applied.

As the Commissioner correctly notes, however, district courts can provide what amounts to a sneak peek on how it would rule on a Rule 60 motion were the matter remanded by the Court of Appeals. Circuit Rule 57, Rule 12.1 of the Federal Rules of Appellate Procedure, and Rule 62.1 of the Federal Rules of Civil Procedure all authorize a party to request, and a district court to issue, a ruling indicating whether it would be willing to grant a Rule 60 motion if the case was remanded. Under these rules, the district court applies a balance of the equities test to determine whether vacatur is appropriate. *See Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1003 (7th Cir. 2007) ("on remand the district court would not be cabined by the 'exceptional circumstances' test.").

Unfortunately, the Commissioner neither recognizes nor discusses the legal standards that bear upon his Motion. No attempt is made to balance the equities and no reason, other than the

5

existence of an agreement between the parties, is given in support of the request for vacatur. However, *Bonner Mall* is clear that vacatur is not appropriate in every case where a settlement is reached.

On a more basic level, the Commissioner does not explain why the extraordinary relief of vacatur is needed here. True, the Court has granted a request for vacatur in a similar context before, *see Renal Care Group Indiana, LLC v. City of Fort Wayne*, Cause No. 1:17-CV-65-HAB, DKT No. 106 (N.D. Ind. June 4, 2020). However, in that case, vacatur was a condition precedent to the parties' settlement and the parties adequately briefed the balancing of the equities. Neither appears to be the case here.

It may very well be that some esoteric provision of the social security statutes and/or regulations requires vacatur prior to remand while a case is on appeal. If that is the case, the Commissioner does not identify the relevant provision. Nor does the Commissioner explain why the Seventh Circuit cannot remand the case to the ALJ upon the agreement of the parties. Instead, the Court has little more than a bare request for relief that is both abnormal and seemingly unnecessary.

**C.    Conclusion**

The Court has little interest in standing in the way of an agreed resolution between parties. That said, the Court is also bound to apply the correct legal standard to the Motion under *Bonner Mall*. For that reason, the Court cannot grant the Motion at this time. However, the Court will allow the Commissioner an additional opportunity to refile the Motion with the necessary legal discussion and argument.

For the foregoing reasons, the Unopposed Motion for Relief from Judgment (ECF No. 28) is DENIED. If the Commissioner wishes to refile its request for vacatur, any such filing should be made on or before February 5, 2021.

SO ORDERED on January 22, 2021.

                                                 s/ *Holly A. Brady*
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT